UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Charles E. Holster III,
individually, and on behalf
of all others similarly situated,
    Plaintiff

    v.                                               Civil No. 09-cv-365-SM
                                                         Opinion No. 2010 DNH 044
BNA Subsidiaries, LLC,
    Defendant

**O R D E R**

Defendant moves to dismiss this private claim under the Telephone Consumer Protection Act ("TCPA"), arguing that the court lacks subject matter jurisdiction under either 28 U.S.C. § 1331 or § 1332. Plaintiff objects.

There is a split of authority among the courts of appeals that have considered whether there is federal question jurisdiction over private TCPA claims. Several courts have concluded that there is no such jurisdiction. See, e.g., Murphey v. Lanier, 204 F.3d 911, 915 (9th Cir. 2000); Foxhall Realty Law Offices, Inc. v. Telecomms. Premium Servs., Ltd., 156 F.3d 432, 435 (2d Cir. 1998); ErieNet, Inc. v. VelocityNet, Inc., 156 F.3d 513, 519 (3d Cir. 1998); Nicholson v. Hooters of Augusta, Inc., 136 F.3d 1287, 1289 (11th Cir. 1998); Chair King, Inc. v. Houston Cellular Corp., 131 F.3d 507, 514 (5th Cir. 1997); Int'l Science

& Tech. Inst., Inc. v. Inacom Commc'ns, Inc., 106 F.3d 1146, 1156 (4th Cir. 1997).  But the Seventh Circuit, following subsequent Supreme Court precedent, determined that federal question jurisdiction is properly invoked in private TCPA claims.  See Brill v. Countrywide Home Loans, Inc., 427 F.3d 446, 450-51 (7th Cir. 2005) (Easterbrook, J., joined by Posner & Rovner, JJ.).  The court of appeals for this circuit has yet to confront the issue.

I think the Seventh Circuit's view is the most persuasive.  As the court noted in Brill, the pertinent statutory provision

> . . . does not mention removal or the general federal question jurisdiction.  It does not declare state jurisdiction to be exclusive.  Thus it does not expressly override a defendant's removal rights under . . . § 1441 (because a claim that a business violated the Telephone Consumer Protection Act arises under federal law) . . . .

Brill, 427 F.3d at 450.  A claim arising under federal law is a claim over which federal courts have subject matter jurisdiction, unless Congress has explicitly stripped that jurisdiction.  Congress has not expressly stripped the federal courts of federal question jurisdiction over TCPA claims, and the statute's reference to state jurisdiction over such claims is a reference to concurrent, not exclusive, jurisdiction.

For the reasons given, defendant's motion to dismiss (document no. 11) is denied.

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

March 9, 2010

cc: Aytan Y. Bellin, Esq.
    Michael J. Sheehan, Esq.
    Todd C. Bank, Esq.
    Chad R. Bowman, Esq.
    Michael D. Sullivan, Esq.
    William L. Chapman, Esq.